## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PATRICK BALDY**, | ) | CIVIL ACTION NO. 15-1190 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **FIRST NIAGARA PAVILION,** | ) | |
| **C.C.R.L., LLC, VANS WARPED** | ) | |
| **TOUR, LANDMARK EVENT** | ) | |
| **STAFFING SERVICES,** | ) | |
| **TICKETMASTER, LIVE NATION** | ) | |
| **ENTERTAINMENT, BROADSPIRE** | ) | |
| **SERVICES, INC. and GALLAGHER** | ) | |
| **BASSET SERVICES,** | ) | |
| | ) | |
| Defendants. | ) | |

## <u>OPINION</u>

CONTI, Chief District Judge

## I.     Introduction

Pending before the court in this diversity action is a motion to remand filed by plaintiff Patrick Baldy ("plaintiff") (ECF No. 17.)  Plaintiff argues the notice of removal filed by five of the eight defendants in this case, i.e., First Niagara Pavilion ("First Niagara"), Broadspire Services, Inc. ("Broadspire"), Gallagher Basset Services ("Gallagher"), Live Nation Entertainment ("Live Nation"), and Ticketmaster (collectively with First Niagara, Broadspire, Gallagher, and Live Nation, the "removing defendants") was defective, and, therefore, this case should be remanded to the Court of Common Pleas of Allegheny County. The removing defendants in the notice of removal asserted

that the three other defendants, C.C.R.L., LLC ("C.C.R.L."), Van Warped Tour ("Warped Tour"), and Landmark Event Staffing Services ("Landmark" and collectively with C.C.R.L. and Warped Tour, the "nonremoving defendants") did not object to the removal of this action to this court. Plaintiff argues the removal notice was defective because the removing defendants were required to obtain "***affirmative joinder or consent** of all served defendants*" to effectuate proper removal under 28 U.S.C. § 1446. (ECF No. 20 at 7.) All defendants filed a joint response in opposition to the motion for remand. (ECF No. 23.) Counsel for the removing defendants attached to the response in opposition a declaration averring that she obtained the consent of the nonremoving defendants to remove this action to this court prior to filing the notice of removal. (ECF No. 23-1 ¶¶ 2-3.) Defendants argue that under those circumstances, it was proper for counsel for the removing defendants to represent to the court via the removal notice that all defendants consented to removal. (ECF No. 24 at 3.)

The parties' arguments raise an issue about which there is a split in the circuits, i.e., whether a defendant may verify consent to removal on another codefendant's behalf. For the reasons set forth in this opinion, this court will follow the rationale of the district courts within the Third Circuit that have addressed this issue and hold that—in light of the strict interpretation of the removal statutes mandated by the Supreme Court of the United States and the Third Circuit Court of Appeals—a defendant to effectuate proper removal of a case may not communicate to the court consent to removal on another codefendant's behalf; rather, each defendant must within thirty days of plaintiff's service of the complaint upon that defendant "clearly and unambiguously join...in the removing defendant's notice or removal" or "file...a separate written consent

to removal with the court." <u>A.R. v. Norris</u>, Civ. Action 15-1780, 2015 WL 6951872, at * 3 (M.D. Pa. Nov. 10, 2015). Based upon the foregoing and as fully explained herein, the removing defendants' notice of removal was defective because the nonremoving defendants did not join in the notice of removal by having their counsel sign the notice of removal or otherwise inform the court of their consent to removal within thirty days of being served with the complaint. In other words, defendants' joint response in opposition advising the court that the nonremoving defendants consented to removal was untimely filed. This case will, therefore, be remanded to the Court of Common Pleas of Allegheny County.

## II.    Procedural History

On August 14, 2015, plaintiff served counsel for the removing defendants with a copy of the complaint. (ECF No. 19-6 ("Ex. E").) On August 18, 2015, plaintiff served C.C.R.L. and Warped Tour each with a copy of the complaint. (ECF No. 19-7 ("Exs. F and G").) On September 1, 2015, plaintiff served Landmark with a copy of the complaint. (ECF No. 19-9 ("Ex. H").) Plaintiff in the complaint asserts a negligence claim against First Niagara, C.C.R.L., Warped Tour, Landmark, Ticketmaster, and Live Nation. Plaintiff in the complaint asserts a breach of contract claim against Broadspire and Gallagher. Plaintiff alleges in the complaint that:

–   he attended Warped Tour, a music festival, held at First Niagara, a pavilion in Burgettstown, Pennsylvania (ECF No. 1-2 ¶ 23);

–   while on the First Niagara property during Warped Tour, plaintiff was "violently shoved and trampled by a gathering of other concert attendees due to inadequate number of security, inadequately trained security, and/or inadequate crowd control at First Niagara" (<u>Id.</u> ¶ 25);

–  he suffered various neck and back injuries as a result of being violently shoved and trampled (Id. ¶ 32);

–  he has unpaid medical bills, suffered lost wages and earning capacity, and other future economic loss (Id. ¶ 33); and

–  Broadspire and Gallagher issued an insurance policy that provided coverage to individuals injured at First Niagara, but failed to fully provide their limits of insurance to plaintiff to compensate him for his injuries (Id. ¶¶ 43-44).

On September 11, 2015, the removing defendants filed with this court a notice of removal from the Court of Common Pleas of Allegheny County on the basis of *diversity jurisdiction*. (ECF No. 1.) The removing defendants attached a copy of the complaint to the notice of removal. On September 17, 2015, the removing defendants filed an answer to the complaint and a crossclaim against Landmark. (ECF No. 6.) On October 8, 2015, C.C.R.L. and Warped Tour filed an answer to the complaint and a crossclaim against Live Nation. (ECF No. 16.)

On October 9, 2015, plaintiff filed a motion to remand to state court and a brief in support of the motion. (ECF Nos. 19, 20.)[1]  On October 16, 2015, defendants filed a joint response in opposition to the motion for remand and a brief in support of the response. (ECF Nos. 23, 24.) Defendants attached to the joint response in opposition a declaration by counsel for the removing defendants. (ECF No. 23-1.) Counsel for the removing defendants declared, among other things, that:

-  on September 10, 2015, she spoke with in-house counsel for C.C.R.L. and Warped Tour and he consented to removal of the case from the Court of Common Pleas of Allegheny County to this court (Id. ¶ 2); and

---

[1]     On October 9, 2015, plaintiff filed the motion for remand and a brief in support of the motion. (ECF No. 17, 18.) On October 14, 2015, plaintiff filed an erratum with respect to the motion for remand and brief in support of the motion. (ECF No. 19, 20.) The docket in this case reflects the need for the erratum was for plaintiff to comply with the signature requirement.

- on September 11, 2015, she spoke with counsel for Landmark, and he agreed to removal of this case from the Court of Common Pleas of Allegheny County to this court (Id. ¶ 3.)

On October 19, 2015, Landmark filed an answer to the complaint and crossclaims against C.C.R.L. and Live Nation. (ECF No. 26.) On October 21, 2015, C.C.R.L. and Live Nation filed an answer to the crossclaims. (ECF No. 27.) On October 26, 2015, C.C.R.L. and Warped Tour filed an amended answer and crossclaim against Landmark. (ECF No. 28.) The motion for remand having been fully briefed is ripe for disposition.

### III. Discussion

### A. Applicable Law

"[D]istrict courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A defendant seeking removal of an action must file a petition for removal with the district court within **thirty days** of plaintiff's service of the complaint upon defendant. 28 U.S.C. § 1446(b) (emphasis added). With respect to a case involving multiple defendants, "each defendant individually has thirty days to file a notice of removal beginning when that particular defendant is served." Delalla v. Hanover Ins., 660 F.3d 180, 185 (3d Cir. 2011). "If defendants are served at different times, however, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did

not previously initiate or consent to removal." <u>Pujols-Sanchez v. Wexxar Packaging, Inc.</u>, 2014 WL 4058726, at *1 (E.D. Pa. Aug. 14, 2014) (citing 28 U.S.C. § 1446(b)(2)(C)).

"[T]he burden of establishing removal jurisdiction rests with the defendant." <u>Dukes v. U.S. Healthcare, Inc.</u>, 57 F.3d 350, 359 (3d Cir. 1995). "Defendants must also establish that all pertinent procedural requirements for removal have been met." <u>A.R. v. Norris</u>, Civ. Action No. 15-1780, 2015 WL 6951872, at *1 (M.D. Pa. Nov. 10, 2015) (citing <u>Shadie v. Aventis Pasteur, Inc.</u>, 254 F.Supp.2d 509, 514 (M.D. Pa. 2003)).

"Once an action is removed, a plaintiff may challenge removal by moving to remand the case back to state court." <u>McGuire v. Safeware, Inc.</u>, Civ. Action No. 13-3746, 2013 WL 5272767, at * 1 (E.D. Pa. Sept. 17, 2013) (citing <u>Cook v. Soft Sheen Carson, Inc.</u>, Civ. Action No. 08-1542, 2008 WL 4606305, at*1 (D.N.J. Oct. 15, 2008)). "Cases may be remanded under § 1447(c) for (1) lack of district court subject matter jurisdiction or (2) a defect in the removal procedure." <u>PAS v. Travelers Ins. Co.</u>,7 F.3d 349, 352 (3d Cir. 1993).[2] "It is settled that the removal statutes ... are to be strictly construed against removal and all doubts should be resolved in favor of remand." <u>Steel Valley Auth. v. Union Switch and Signal Div.</u>, 809 F.2d 1006, 1010 (3d Cir.1987) (footnote omitted).

---

[2]    The court in <u>A.R.</u> explained:

> The decision to enter a remand order on the basis of a defect in removal procedure or for a lack of subject matter jurisdiction is within the discretion of the district court, and, whether erroneous or not, is not subject to appeal. <u>Cook</u>, 320 F.3d at 437 (citing <u>Quackenbush</u>, 517 U.S. at 711-12). The United States Supreme Court has noted that limiting review of remand orders supports "Congress's longstanding policy of not permitting interruption of the litigation of the merits of a removed case."<u>Powerex Corp. v. Reliant Energy Svcs., Inc.</u>, 551 U.S. 224, 238 (2007).

<u>A.R.</u>,2015 WL 6951872, at *2.

Here, plaintiff argues this case should be remanded because of a defect in the removal procedure, i.e., the removal notice does not comply with the "rule of unanimity." Section 1446(a) provides:

> **(a) Generally**.--A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a). The Court of Appeals for the Third Circuit has recognized that "[d]espite the ambiguity of the term 'defendant or defendants,' it is well established that removal generally requires unanimity among the defendants." Balazik v. Cnty. of Dauphin, 44 F.3d 209, 213 (3d Cir. 1995) (citing Chicago, R.I. & P. Ry. Co. v. Martin, 178 U.S. 245, 247 (1900); Lewis v. Rego Co., 757 F.2d 66, 68 (3d Cir. 1985)). "Failure of all defendants to join is a 'defect in removal procedure' within the meaning of § 1447(c), but is not deemed to be jurisdictional." Balazik, 44 F.3d at 213.[3] Section 1446 "does not speak directly to the issue of what form a codefendant's consent must take," and neither

---

[3]   The Third Circuit Court of Appeals in Balazik recognized three exceptions to the rule of unanimity, explaining:

> The unanimity rule may be disregarded where: (1) a non-joining defendant is an unknown or nominal party; or (2) where a defendant has been fraudulently joined. See McManus v. Glassman's Wynnefield, Inc., 710 F.Supp. 1043, 1045, n. 5 (E.D.Pa.1989) (citing Fellhauer v. City of Geneva, 673 F.Supp. 1445, 1447 n. 4 (N.D.Ill.1987). See also 1A J. Moore & B. Ringle, *Moore's Federal Practice* ¶ 0.168[3.-2-2]. Another exception is when a non-resident defendant has not been served at the time the removing defendants filed their petition. See Lewis, 757 F.2d at 69.

Balazik, 44 F.3d at 213 n.4. Defendants do not argue that any of the foregoing exceptions to the rule of unanimity applies to this case.

the Supreme Court nor the Third Circuit Court of Appeals[4] has addressed what it means

for a defendant to "join" its codefendant's removal notice. <u>A.R.</u>, 2015 WL 6951872, at \*2;

---

[4]     In <u>Siebert</u>, the Third Circuit Court of Appeals noted:

> We did, however, hold in a recent unpublished opinion with similar facts that a district court was within its discretion to deny fees where several defendants failed to provide written consent to removal, even though the substantive basis for removal was sound. <u>Hammer v. Scott</u>, 137 Fed. Appx. 472, 475 (3d Cir.2005).

<u>Siebert</u>, 166 F. A'ppx at 607 n.1. In <u>Hammer</u>, the Third Circuit Court of Appeals explained:

> On the record before us, we find no abuse of discretion in the District Court's decision. It is well-established that removal, subject to only a few exceptions, requires unanimity among the defendants. <u>See</u> <u>Balazik v. County of Dauphin</u>, 44 F.3d 209, 213 (3d Cir.1995). In this case, the Defendant Borough of Cressona filed a notice of removal along with two "Certificate [sic] of Concurrence" certifying that the other two Defendants-Charles C. Scott in his capacity as representative of the Estate of Anna R. Scott, and the Township of North Manheim, Schuylkill County, Pennsylvania-concurred in the removal. Agreeing with the report of the magistrate, the District Court found the expression of the Defendants' unanimous consent to be lacking to the extent that the Borough of Cressona was seeking to represent to the court that the other Defendants concurred in the removal. <u>E.g.</u>, <u>Carter v. Ingersoll-Rand Co., Inc.</u>, 2001 WL 238540 at \*2 (E.D.Pa. Mar.12, 2001) ("Courts consistently have required each defendant to express its position to the court directly, and have held that one defendant's allegation that another defendant joins in removal is insufficient."). Accordingly, although the filing of the notice of removal was reasonable given the existence of certain federal claims, the method and manner of removal was found to be defective. In such circumstances, Plaintiffs were required to file motions seeking remand before both the magistrate judge and District Court, thereby incurring expenses as a result of Defendants' defective removal. District courts possess broad discretion to address the reimbursement of costs in precisely these types of situations. See 28 U.S.C. § 1447(c).

<u>Hammer</u>, 137 F. A'ppx at 475. The foregoing excerpt from <u>Hammer</u>, while not controlling precedent, suggests the Third Circuit Court of Appeals may follow the Courts of Appeals for the Second, Fifth, and Seventh Circuits and hold that each defendant in a case must have its counsel sign a removal notice in order to properly join the removal notice or file with the court its own writing expressing its consent to removal.

<u>Siebert v. Norwest Bank Minnesota</u>, 166 F. A'ppx 603, 607 n.2 (3d Cir. 2006) (noting disagreement and that the Third Circuit Court of Appeals has not addressed whether "removal petitions on behalf of multiple defendants must include timely *written* consent by all").

### B. The Circuit Split

District courts within the Third Circuit have recognized that "[u]nanimity may be expressed by defendants either jointly filing the notice of removal or consenting to the removal by separate filing." <u>McGuire</u>, 2013 WL 5272767, at *2 (citing <u>Moore v. Phila.</u>, Civ. Action No. 12-3823, 2012 WL 3731818, at *3 (E.D. Pa. Aug. 29, 2012); <u>Weinrach v. White Metal Rolling and Stamping Corp.</u>, Civ. Action No. 98-3293, 1999 WL 46627, at *1 (E.D. Pa. Jan. 6, 1999)). Here, defendants do not argue that the nonremoving defendants filed a separate notice of their consent to removal; rather, they argue their consent was given to counsel for the removing defendants and was properly communicated to the court via the removing defendants' notice of removal, which was signed only by counsel for the removing defendants.

There is a split among the courts of appeals about whether a statement in a defendant's timely notice of removal that its codefendant consents to removal is sufficient to communicate to the court the consent of the codefendant. The court in <u>A.R.</u>, the most recent district court decision on this issue within the Third Circuit, explained the circuit split as follows:

> The Second, Fifth and Seventh Circuits, have found that a defendant may not verify consent to removal on another codefendant's behalf. <u>Pietrangelo v. Alvas Corp.</u>, 686 F.3d 62, 66 (2d Cir. 2012) (finding that codefendants satisfied the unanimity requirement of independently expressing consent to removal by submitting letters to the district court within 30-day removal period); <u>Roe v. O'Donohue</u>, 38 F.3d 298, 301 (7th

Cir. 1994), abrogated on other grounds by <u>Murphy Bros. v. Michetti PipeStringing, Inc.</u>, 526 U.S. 344 (1999) (explaining that the removal statute's directive that "all defendants who have been properly joined and served must join in or consent to the removal of the action" means that each codefendant must submit their consent in writing); <u>Getty Oil Corp. v. Ins.Co. of N. Am.</u>, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988) (noting unanimity requires "some timely filed written indication from each served defendant or from some person or entity purporting to formally act on its behalf in this respect and to have the authority to do so, that it has actually consented to such action").1 Under this view, it is not enough for the removing party to simply state that the codefendants consent to or do not oppose removal because this verification cannot legally bind the allegedly consenting codefendant. <u>Roe</u>, 38 F.3d 298 at 301; <u>Getty Oil</u>, 841 F.2d at 1262 n.11.

The Fourth, Sixth, Eighth and Ninth Circuits, on the other hand, have held that a statement in one defendant's timely notice of removal that its codefendants consent to removal is sufficient. <u>Griffioen v. Cedar Rapids& Iowa City Ry. Co.</u>, 785 F.3d 1182, 1188 (8th Cir. 2015) (notice of removal signed and filed by attorney for one defendant and representing unambiguously that other defendants consented to removal satisfies the removal statute's unanimous consent requirement); <u>Mayo v. Bd. of Educ.</u>, 713 F.3d 735, 742 (4th Cir. 2013) (same); <u>Proctor v. VishayIntertechnology Inc.</u>, 584 F.3d 1208, 1225 (9th Cir. 2009) (same); <u>Harperv. AutoAlliance Int'l, Inc.</u>, 392 F.3d 195, 201-02 (6th Cir. 2004) (same). The Fourth, Sixth, Eighth and Ninth Circuits believe the potential for Rule 11 sanctions and a codefendant's opportunity to "alert the court to any falsities in the removing defendant's notice serve as safeguards to prevent removing defendants from making false representations of unanimous consent and forcing codefendants into a federal forum against their will."<u>Griffioen</u>, 785 F.3d at 1187-88; <u>see also</u> <u>Mayo</u>, 713 F.3d at 724 (explaining that codefendants can bring misrepresentations to the court's attention, leading to Rule 11 sanctions); <u>Proctor</u>, 584 F.3d at 1225 (stating that the availability of sanctions and objection minimize policy concerns).

<u>A.R.</u>, 2015 WL 6951872, at *3.

In <u>A.R.</u>, the removal notice filed by one of three defendants in the case provided that the undersigned hereby verifies that all Defendants who have been properly joined and served consent to the removal of this action." <u>A.R.</u>, 2015 WL 6951872, at *4. The other two defendants who did not file the removal notice "did not expressly join in or consent to [the] notice of removal." <u>Id.</u> After filing the removal notice with the court, the

removing defendant filed with the court email exchanges between counsel for the removing defendant and counsel for the other defendants, which "illustrated" the other defendants' consent to removal. <u>Id.</u> The plaintiff in her motion for remand argued the notice of removal was defective because "each codefendant did not join in the notice of removal or submit with the court their written consent to removal." <u>Id.</u> at *2.

The issues before the court were "the form that a codefendant's consent must take and when [the] consent must be filed with the court." <u>Id.</u> The court was persuaded by the rationales of the Courts of Appeals from the Second, Fifth, and Seventh Circuits, and held that "a removing defendant, in their notice of removal, may not verify that all properly served codefendants consent to removal[;]" rather, "a codefendant's consent to removal must take the form of: (1) clearly and unambiguously joining in the removing defendant's notice of removal; or (2) filing a separate written consent to removal with the court." <u>A.R.</u>, 2015 WL 6951872, at *3.

The court explained it was persuaded to adopt the view of the Second, Fifth and Seventh Courts of Appeals for two reasons. First, the Third Circuit Court of Appeals has explained that "'the removal statute should be strictly construed and all doubts resolved in favor of remand[,]'" which "militates against the Fourth, Sixth, and Eighth circuit's [sic] policy argument pertaining to Rule 11 sanctions." <u>A.R.</u>, 2015 WL 6951872, at *3. (quoting  <u>Abels v. State Farm Fire & Cas. Co.</u>, 770 F.2d 26, 29 (3d Cir. 1985)). The court reasoned that "a strict interpretation of the removal statute yields the inescapable conclusion that a removing defendant may not verify that all properly served defendants consent to removal because that language does not exist in the removal statute." <u>A.R.</u>, 2015 WL 6951872, at *3.

Second, the court recognized that "several district courts within the Third Circuit agree with and apply the Second, Fifth and Seventh Circuit's [sic] rule that a removing defendant's notice of removal may not verify another codefendant's consent to removal." Id. (citing King v. Mansfield Univ. of Pa., Civ. Action No. 15-0159, 2015 WL 4647637, at *3 (M.D. Pa. Aug. 5, 2015); Green v. Target Stores, Inc., 305 F. Supp. 2d 448, 450 (E.D. Pa. 2004); Pocono Springs Civic Ass'n, Inc. v. Rich One, Inc., Civ, Action No. 00-2034, 2001 WL 114390, at *2 (M.D. Pa. Jan. 29, 2001); Landman v. Borough of Bristol, 896 F. Supp. 406, 409 (E.D. Pa. 1995); Ellerbee v. Union Zinc, Inc., 881 F. Supp. 162, 164 (E.D. Pa. 1995); Ogletree v. Barnes, 851 F. Supp. 184, 188 (E.D. Pa. 1994)).

The removing defendant in A.R. argued, however, "that remand [was] unwarranted because, subsequent to removal, [the other defendants] filed with the court their written consents to removal." A.R., 2015 WL 6951872, at *4. The plaintiff argued in opposition that the written consents of the other defendants were untimely because "the rule of unanimity requires that any consent to removal be given within thirty days from the date an individual defendant is served," and the other defendants' written consents were provided to the court more than thirty days after they received the plaintiff's complaint. Id. The court agreed with the plaintiff and held the subsequent written notice of the other defendants' consent was ineffective because all codefendants must "join in the notice of removal or give their consent to removal within thirty days after receiving service of plaintiff's complaint[,]" and "[a]ny subsequent written notice of consent filed outside [the] prescribed thirty day [sic] period is defective." Id. at *4 (citing e.g., Green, 305 F.Supp.2d at 450; Ogletree, 851 F.Supp. at 186-87). The court held that based upon the foregoing considerations, the notice of removal filed by the

removing defendant "contravene[d] the rule of unanimity" and was procedurally defective. <u>A.R.</u>, 2015 WL 6951872, at *4. The case was accordingly remanded.

The decision by the district court in <u>A.R.</u> to adopt the view of the Courts of Appeals from the Second, Fifth and Seventh Circuits is supported by numerous decisions from other district courts within the Third Circuit. <u>See e.g.</u>, <u>Anamdi v. Kean Univ.</u>, Civ. Action No. 15-2887, 2015 WL 5138648, at *5 (D.N.J. Aug. 31, 2015) (holding each defendant must provide "some form of unambiguous written evidence of consent to the court in a timely fashion."); <u>McGuire</u>, 2013 WL 5272767, at *3 (holding for removal to be proper all defendants must unanimously join or consent to the removal through a timely-filed, express written indication of consent and one defendant's attempt to speak on behalf of another defendant will not suffice); <u>Estate of Shakeena v. N.J.</u>, Civ. Action No. 12-505, 2012 WL 1900924, at *2 (D.N.J. May 24, 2012) (holding "non-signing defendants must do more than merely advise the removing defendant of their consent[, and] Defendants must communicate their consent directly to the Court."); <u>Zhao v. Skinner Engine Co.</u>,Civ. Action No. 11-2536, 2011 WL 3875524, at *2 (E.D. Pa. Sept. 2, 2011) (holding "each defendant must either sign the notice of removal or submit to the court a timely written notice of consent to removal" and "[i]t is not sufficient for the removing defendant to assert in its notice of removal that the other defendants consent to removal").

### C. Analysis

**1. The nonremoving defendants failed within the applicable time period to clearly and unambiguously join in the removing defendants' notice of removal.**

"Federal courts are of limited jurisdiction, and removal statutes should be strictly construed." <u>Wal-mart Stores, Inc. v. Elec. Ins. Co.</u>, Civ. Action No. 06-3132, 2007 WL 137238, at *3 (D.N.J. Jan. 18, 2007) (citing <u>Shamrock Oil and Gas Corp. v. Sheets</u>, 313 U.S. 100, 107 (1941); <u>Boyer v. Snap-On Tools Corp.</u>, 913 F.2d 108, 111 (3d Cir. 1990)). As noted previously, § 1446(a) of the removal statute provides:

> **(b) Generally**.--A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a). The Third Circuit Court of Appeals has recognized that pursuant to this provision, all defendants—who do not file their *own* notices of removal—must **join** in a removal petition. <u>Balazik</u>, 44 F.3d at 213. The district courts within this circuit hold that defendants who wish to join in a removal petition must—within thirty days of the last defendant being served with the complaint—**clearly** and **unambiguously** join in the removal petition. <u>A.R.</u>, 2015 WL 6951872, at *3; <u>Pujols-Sanchez</u>, 2014 WL 4058726, at *1.

This court cannot find that the nonremoving defendants clearly and unambiguously joined in the removal petition in this case in a timely manner. On September 11, 2015, the removing defendants filed the notice of removal, within thirty days of being served with the complaint, but counsel for the nonremoving defendants did not sign the notice of removal, and counsel for the removing defendants did not attach to the notice of removal any evidence that the nonremoving defendants consented to removal. The prevailing view of the district courts within this circuit is that

"it is not enough for the removing party to simply state that the codefendants consent or do not oppose removal because this verification cannot legally bind the allegedly consenting codefendant." Id. (citing Roe, 38 F.3d 298 at 301; Getty Oil, 841 F.2d at 1262 n.11.). There is good reason for this rule. The court in Estate of Dean v. New Jersey, Civ. Action No. 12-505, 2012 WL 1900924 (D.N.J. May 24, 2012), explained:

> A writing such as "an affidavit of joinder or consent, or even a letter provides the court with a written entry that would unequivocally bind the allegedly consenting party." Michaels, 955 F.Supp. at 321. This procedure ensures "the unanimity of removal, does not prevent any defendant from taking full advantage of the removal statute, and it is not a requirement which could be manipulated by plaintiffs to overcome the rights of defendants to remove."Additionally, Rule 11 does not guarantee that a non-signing defendant has actually consented to removal. "[I]nasmuch as Rule 11 may subject the signer of the removal notice to sanctions for failing to adequately investigate the factual allegations therein, [ ] it does not bind the allegedly consenting co-defendant to the removal action."Martin Oil Co. v. Philadelphia Life Ins. Co., 827 F.Supp. 1236, 1238 (N.D.W.Va.1993).

Estate of Dean, 2012 WL 1900924, at *2; Henderson v. Holmes, 920 F.Supp. 1184, 1187 n.2 (D.Kan. 1996). This court will follow the rationales of the Courts of Appeals for the Second, Fifth and Seventh Circuits and the district courts within the Third Circuit. The notice of removal in this case was procedurally defective because the nonremoving defendants did not unambiguously join in the removal notice filed by the removing defendants within the prescribed time.

Defendants in this case filed a joint opposition to the motion for remand and attached to the joint opposition a declaration by counsel for the removing defendants providing that she obtained consent to remove from the nonremoving defendants prior to filing the notice of removal with this court. The joint opposition cannot, however, be construed as written notice to the court of defendants' consent to removal because it was filed more than thirty days after Landmark—the last defendant served—was served with

the complaint. Plaintiff served Landmark with the complaint on September 1, 2015. A timely notice of removal was, therefore, due—at the latest—on or before October 1, 2015. Pujols-Sanchez, 2014 WL 4058726, at *1 ("If defendants are served at different times...and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal."). Defendants' joint opposition to the motion to remand was not filed until October 16, 2015. Under those circumstances, the joint opposition to the motion to remand cannot be construed as a timely communication to this court of all defendants' consent to remanding this case to state court.

In Harper v. AutoAlliance Int'l, Inc., 392 F.3d 195 (6th Cir. 2004), a decision cited by defendants, a nonremoving defendant filed an answer to the complaint within thirty days of being served with the complaint alleging that the federal district court was the proper jurisdiction and venue for the action. Harper, 392 F.3d at 202. The court construed the answer as a timely written notification of that defendant's consent to removal. Id. Here, the court cannot construe the answers filed by the nonremoving defendants in this case as timely written notifications to the court of the nonremoving defendants' consent to removal because they were filed more than thirty days after the nonremoving defendants were served with the complaint. On August 18, 2015, plaintiff served C.C.R.L. and Warped Tour each with a copy of the complaint. C.C.R.L.'s and Warped Tour's timely notices of removal were, therefore, due on or before September 17, 2015. C.C.R.L. and Warped Tour did not file their answer to the complaint until October 8, 2015. As discussed above, Landmark's timely notice of removal was due on or

before October 1, 2015. Landmark did not file an answer to the complaint until October 19, 2015. Under those circumstances, neither the joint opposition to the motion for remand nor the answers filed by the nonremoving defendants can be construed as timely notices of removal. This case will, therefore, be remanded to the Court of Common Pleas of Allegheny County.

### 2. The removing defendants assert in the removal notice that the nonremoving defendants "did not object" to removal.

The notice of removal in this case did not provide that the nonremoving defendants **consented** to removal; rather, the removal notice provided that:

> In accordance with 28 U.S.C. § 1446(b)(2), C.C.R.L., LLC; Vans Warped Tour; and Landmark Event Staffing Service, **none of the Defendants upon which service has been made of this date, have objected to the removal of this action**.

(ECF No. 1 ¶ 15 (emphasis added).) In other words, the notice of removal provided that the nonremoving defendants *did not object* to removing the case to federal court. Even those courts that find a removing defendant's verification that the other codefendants consent to the removal is sufficient would not conclude the notice given here by the removing defendants was sufficient. The Seventh Circuit Court of Appeals has recognized that codefendants do not *join* a removal petition when they "do not object" to the removal notice. Roe, 38 F.3d at 301 (noting "instead of representing that all defendants 'joined' the motion, the [removing defendant] asserted that the other defendants 'have stated that they do not object'"). One court that has expressly considered the issue has held that "consent to removal" is not the same as "not objecting to removal." Frankston v. Denniston, 376 F.Supp.2d 35, 41 (D. Mass. 2005) ("[A] failure to object is different than affirmatively giving consent. This finding is bolstered by the

general rule that the removal statutes should be construed strictly against removal."). The reasoning of the court of appeals in <u>Roe</u> and the district court in <u>Frankston</u> is sound. "Consent" is defined as: "[a] voluntary yielding to what another proposes or desires; agreement, approval, or permission regarding some act or purpose, esp. given voluntarily by a competent person; legally effective assent." *Consent*, BLACK'S LAW DICTIONARY (10th ed. 2014). "Object" is defined as "[t]o state in opposition; to put forward as an objection." *Object*, BLACK'S LAW DICTIONARY (10th ed. 2014). It follows that "to *not* object" means to *not* state an opposition to, which falls shorts of *voluntarily yielding, agreeing, or approving to what another proposes or desires*, and *not objecting* to a filing is not the same as *joining* the filing.

In <u>Knickerbocker v. Chrysler Corp.</u>, 728 F.Supp. 460, 461-62 (E.D. Mich. 1990), for example, the notice of removal filed by one of the two defendants provided that the nonfiling defendant did not object to the removal. The court explained that although counsel for the nonfiling defendant was not required to sign the removal notice, the nonfiling defendant "must nonetheless join in or consent to the removal by way of 'an official filing or voicing of consent.'" <u>Id.</u> at 461 (quoting <u>Godman v. Sears, Roebuck and Co.</u>, 588 F.Supp. 121, 124 (E.D. Mich. 1984)). The court held that the "unsupported assertion" that the nonfiling defendant did not object to the removal of the case "clearly fail[ed] to satisfy this statutory filing requirement." <u>Id.</u> at 462. The court remanded the case on that basis. <u>Id.</u>

The Eighth Circuit Court of Appeals recently considered the effectiveness of a notice of removal that provided the nonremoving defendants did not object to removal. In <u>Griffioen v. Cedar Rapids and Iowa City Railway Co.</u>, 785 F.3d 1182 (8th Cir. 2015),

the court held that "a defendant's timely removal notice indicating consent on behalf of a codefendant, signed and certified pursuant to Rule 11 and followed by the filing of a notice of consent from the codefendant itself, sufficiently establishes that codefendant's consent to removal." Id. at 1188. The removal notice provided that the nonremoving defendants had "no objection to removal." Id. at 1188. Attached to the removal notice, however, was a local rule certification providing that "[t]he codefendants have given their consent to the removal of this action." Id. The court of appeals determined that if there is a distinction to be made between "no objection" and "consent," the local rule certification, which is also subject to Rule 11 sanctions, resolved the issue. Id. This case is distinguishable from Griffioen because there is no indication in the removal of notice or the attachments thereto that the nonremoving defendants consented to removal of the case; rather, the only indication of the nonremoving defendants' position with respect to removal is that they did not object to the removal notice.

Based upon the foregoing, even if this court were to adopt the view of the Courts of Appeals for the Fourth, Sixth, Eighth and Ninth Circuits that a codefendant properly joins a notice of removal when counsel for the defendant that files the notice of removal verifies that all codefendants consented to removal, the removal notice in this case would be ineffective to show consent because it does not clearly and unambiguously show that the nonremoving defendants consented to removal of the case. The consent would need to be shown in some other manner.

Here, there is an argument that the removal notice in this case was not ineffective because counsel for the removing defendants *actually* obtained the nonremoving defendants' consent to removal prior to filing the notice of removal. Under the removal

statute, however, defendants must _communicate_ their consent to removal _to the court_. See e.g., <u>McGuire</u>, 2013 WL 5272767, at *3 ("[M]ost courts require all defendants to voice their consent directly to the court...oral consents and email exchanges among counsel do not constitute satisfactory consent."); <u>Estate of Dean</u>, 2012 WL 1900924, at *2 ("Defendants must communicate their consent directly to the court."); <u>Wal-mart</u>, 2007 WL 137238, at *3 (holding codefendant's consent was defective because "although [the codefendant] consented to the removal via a telephone conversation with [counsel for the removing defendant], [the codefendant] failed to provide written consent of its approval directly to [the] Court within the statutory time period"); <u>Landman</u>, 896 F.Supp. at 408 (holding each defendant must communicate his consent to the court within the thirty-day period).

Based upon the foregoing decisions from district courts within the Third Circuit, consent to remove a case is effective only if the consent is communicated to the court. Despite counsel for the removing defendants obtaining consent to removal from the nonremoving defendants prior to filing the removal notice, their consent was not communicated to this court until at the earliest their joinder in the response in opposition, which was filed outside the requisite thirty-day period. As discussed above, consent to removal must be timely made directly to the court by the nonremoving defendants. Under those circumstances, the removal notice in this case is defective because the nonremoving defendants did not join in the removal notice or otherwise communicate their consent to removal to the court. <u>McGuire</u>, 2013 WL 5272767, at *4 (the court was not persuaded by the fact that the nonsigning codefendant _actually_ consented to removal prior to the expiration of the thirty-day deadline because it did not

communicate its consent to the court and the removal petition did not provide that the nonsigning codefendant consented to removal).

### 3. The decisions cited by defendants are distinguishable and not a basis upon which to deny the motion to remand.

As detailed above, this court—along with other district courts within the Third Circuit—finds persuasive and follows the decisions from the Courts of Appeals for the Second, Fifth, and Seventh Circuit that hold a counsel for one defendant cannot properly verify to the court that its client's codefendants consent to removal. Defendants in the joint opposition to remand, however, cite three decisions from the Courts of Appeals for the Fourth, Sixth, and Ninth Circuits that this court finds unpersuasive. (ECF No. 24 (citing <u>Mayo v. Bd. of Educ.</u>, 713 F.3d 735 (4th Cir. 2013); <u>Harper v. AutoAlliance Int'l, Inc.</u>, 392 F.3d 195 (6th Cir. 2004); <u>Proctor v. Vishay Intertechnology Inc.</u>, 584 F.3d 1208, 1225 (9th Cir. 2009)). In any event, even if this court found the decisions cited by defendants to be persuasive, they are distinguishable from this case.

Each of the removal notices in <u>Mayo</u>, <u>Harper</u>, and <u>Proctor</u> explicitly provided that the nonremoving defendants **consented** to removing the actions to federal court; indeed, the court in <u>Mayo</u> held that the removal notice must "represent…**unambiguously** that the other defendants consent to the removal." <u>Mayo</u>, 713 F.3d at 741 (emphasis added). In contrast, the removal notice in this case provided the nonremoving defendants *did not object* to the removal of the action. As discussed above, even if the court were to adopt the view of the Fourth Circuit Court of Appeals set forth in <u>Mayo</u> that counsel for one defendant may verify to the court that its codefendants **consented** to removal, the removal notice in this case did not **unambiguously** provide that the nonremoving defendants consented to removal.

21

Verifying that the nonremoving defendants **did not object** to the removal is not the same as **unambiguously** representing that they consented to removal. Based upon the foregoing distinctions, <u>Mayo</u>, <u>Harper</u>, and <u>Proctor</u> do not provide a persuasive basis upon which to deny plaintiff's motion for remand.

### 4. Defendants cannot cure the defect in the removal notice.

There is a split among the district courts within the Third Circuit about whether they "have discretion to permit the amendment of a notice of removal after expiration of the 30–day removal period when such an amendment would serve the interests of justice or judicial economy." <u>Compare</u> <u>Monaghan v. Hackensack</u>, Civ. Action No. 13-4544, 2014 WL 112973, at *7 (D.N.J. Jan. 9, 2014) (citing <u>Cacoilo v. Sherwin-Williams Co.</u>, 902 F.Supp.2d 511, 523 (D.N.J. 2012); <u>Wal-Mart</u>, 2007 WL 137238, at *3-4; <u>Brown v. Camden Cnty. Prosecutor</u>,Civ. Action No. 06-1634, 2006 WL 2014227, at *3 (D.N.J. July 18, 2006)) <u>with</u> <u>A.R.</u>, 2015 WL 6951872, at *4 ("Any subsequent written notice of consent filed outside this prescribed thirty day [sic] period is defective."); <u>McGuire</u>, 2013 WL 5272767, at *4 ("In this Circuit,...it is well-established that '[t]he subsequent filing of an untimely notice of consent is of absolutely no moment, does nothing to cure the defect in the removal procedure, and is properly rejected by the Court.'"). The Third Circuit Court of Appeals has acknowledged the issue, but not decided whether a "defective removal petition can be cured more than thirty days after service." <u>Michaels v. N.J.</u>, 955 F.Supp. 315, 321-22 n.4 (D.N.J. 1996) (citing <u>Lewis v. Rego Co.</u>, 757 F.2d 66, 68-69 .2 (3d Cir. 1985)). District courts that have held they have discretion to grant defendants leave to cure defects in their removal notices have explained, however, that "[d]espite this discretion, courts are unlikely to grant leave to amend absent

'extraordinary circumstances.'" <u>Monaghan</u>, 2014 WL 112973, at *7; <u>Michaels</u>, 955 F.Supp. at 322 ("Barring extraordinary circumstances, this court is not inclined to expand the thirty-day time limitation or permit amendments to a notice of removal after the thirty days have run.").

District courts within the Third Circuit have found extraordinary circumstances exist if the court has a "significant investment" in a case or if there is a dearth of guidance about how a defendant can satisfy the requirements of the removal statutes. <u>Walmart Stores Inc. v. Elec. Ins. Co.</u>, Civ. Action No. 06-3132, 2007 WL 137238, at *3-4 (D.N.J. 2007); <u>Michaels</u>, 955 F.Supp. at 322. In <u>Walmart</u>, a decision that is nearly nine years old, the notice of removal provided that the nonfiling defendant consented to removal via telephone but the filing defendant did not provide any written evidence of the nonfiling defendant's consent to removal. <u>Walmart</u>, 2007 WL 137238, at *1. The plaintiff filed a motion to remand the case arguing the notice of removal was defective because it did not comply with the requirement that all defendants provide written notice to the court of their consent to removal. <u>Id.</u> at *2. The court in <u>Walmart</u> held the notice of removal was defective because "although [the nonfiling defendant] consented to the removal via a telephone conversation with [the filing defendant's] counsel, [the nonfiling defendant] failed to provide written consent of its approval directly to [the] Court within the statutory time period." <u>Id.</u> at *3.

All defendants in the case requested leave to cure the defect in the removal notice. <u>Walmart</u>, 2007 WL 137238, at *3. The court determined the extraordinary circumstances of the case, namely the court's "significant investment" in the case and "the lack of adequate guidance on the requirements of the federal removal statute[,]"

warranted granting defendants leave to amend the defect in the removal notice. <u>Id.</u> at *4. The court explained that the magistrate judge presided "over a number of conferences" in the case and the district court judge signed an order dismissing with prejudice all claims and crossclaims against one of the defendants. <u>Id.</u> The court also explained that at the time the filing defendant filed the removal petition, there was only one published opinion in that district that provided guidance about the requirements of a removal notice. <u>Id.</u> The district court on that basis granted defendants leave to cure the defective removal notice. <u>Id.</u>

In <u>Michaels</u>, a decision that is more than nineteen years old, the court permitted a defective removal notice to be cured because "[t]here [was] no published opinion by any court in [the] district that addresse[d] the issue of whether a formal writing is necessary to satisfy removing defendants' joinder obligations under 28 U.S.C. § 1446 and the caselaw elsewhere—and the statute itself—[did] not provide unambiguous guidance." <u>Michaels</u>, 955 F.Supp. at 322. The court also noted that the party that objected to the removal of the action was a nominal defendant—not the plaintiff—and that defendant lacked standing to object to the removal. <u>Id.</u> (noting "[l]ogic dictates that if a nominal party lacks the power to object to its own failure to join in or consent to the removal, it similarly lacks the power to impugn the other defendants' failure to formally do so."). The court in <u>Michaels</u> held that in those "limited" circumstances, it did "not believe that it [was] in the interest of justice to remand this matter to state court," and it would "permit the non-signing defendants to cure the defect in the removal petition by filing a written document with the court." <u>Id.</u>

Here, defendants did not argue that extraordinary circumstances warrant the court permitting them to cure the defect in the removal notice or that the filing of the joint response in opposition by all defendants cures the defect in the removal notice. Defendants argue that "[r]emanding this matter will result in unnecessary delay." (ECF No. 24 at 4.) This case is only three months old, and this court—unlike the court in Walmart—has not expended a significant amount of time or resources on the matter, i.e., issued substantive orders, conducted any conferences or otherwise had involvement in the case other than resolving plaintiff's motion to remand. This case is further distinguishable from Walmart and Michaels because since those opinions were issued, district courts within this circuit have issued *numerous* decisions in which they held that a defendant cannot effectuate proper joinder for its codefendant by representing to the court via a removal notice that its codefendant consents to removal. See e.g., A.R., 2015 WL 6951872, at *3; Anamdi, 2015 WL 5138648, at *5; McGuire, 2013 WL 5272767, at *3; Estate of Shakeena, 2012 WL 1900924, at *2; Zhao, 2011 WL 3875524, at *2. This court cannot, therefore, conclude that there is a dearth of guidance about what is required by defendants seeking to remove a case to federal court that warrants granting defendants leave to cure the defective removal notice in this case. Michaels is further distinguishable from this case because in that case a nominal defendant without standing objected to removal. Here, plaintiff—the "master of his own claim"—has standing to object to removal, and he expressed his preference is to try this case in the Court of Common Pleas of Allegheny County. Wilbur v. H & R Block, Inc., 170 F.Supp.2d 480, 481 (M.D. Pa. 2000) (citing Caterpillar, Inc. v. Williams, 482 U.S. 386, 391 (1987)). Based upon the foregoing distinctions, there is no basis for the court to conclude the

circumstances in this case are extraordinary and warrant the court granting defendants leave to cure the defective removal notice. 14C CHARLES ALAN WRIGHT, ARTHUR R. MILLER, EDWARD H. COOPER, AND JOAN E. STEINMAN, FEDERAL PRACTICE & PROCEDURE § 3739 (4th ed.) ("On the other hand, other defects in removal procedure cannot be cured. For example, if fewer than all defendants who must join the removal fail to do so within the time prescribed in Section 1446 as the particular court interprets it, that defect cannot be cured.").

**IV.    Conclusion**

The nonremoving defendants did not timely join in the removal notice filed by the removing defendants. The removal notice is, therefore, defective because it does not comply with the rule of unanmity. The court will exercise its discretion to remand this matter to the Court of Common Pleas of Allegheny County on that basis.

Plaintiff's motion to remand will be forthwith GRANTED. (ECF No. 17.)

An appropriate order will be entered.

By the court,

Dated: December 3, 2015                  /s/ Joy Flowers Conti
                                         JOY FLOWERS CONTI
                                         Chief United States District Judge